**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

              PLAINTIFF,
VS.                                        CR. NO. 17-20826

                                                 HON. STEPHEN J. MURPHY

RONDELL LOWELL COOK,

              DEFENDANT.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM
AND REQUEST FOR DOWNWARD VARIANCE**

**I.   PROCEDURAL FACTS**

Rondell Cook is scheduled to be sentenced on January 24, 2019. He pled guilty, pursuant to a Rule 11 Plea Agreement, to one count of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a).

The Probation Department's guideline calculations are the same as those contained in the Rule 11 plea agreement. The Probation Department calculated a sentencing guideline range of 360 months (30 years) to life, with a mandatory minimum of 300 months (25 years).

Mr. Cook requests that this Court impose a sentence at the mandatory minimum of 300 months (25 years). This request is based on Mr. Cook's history and characteristics, the nature of the offense, and the likelihood that when Mr. Cook is

released from such a lengthy term of incarceration, he will not reoffend or pose a danger to the public. For these reasons, the guidelines set forth in the Presentence Report exceed the sentence necessary to achieve the goals of 18 U.S.C. § 3553. A sentence of four years or less would represent a sentence "sufficient, but not greater than necessary" to achieve the sentencing goals set forth by Congress and the United States Sentencing Commission.

## II.  SENTENCING CONSIDERATIONS

### A.  THE RULE 11 PLEA AGREEMENT

The Rule 11 Plea Agreement includes the parties' stipulation to the calculation of the guidelines under §2G2.1. The Plea Agreement recognizes that the Court must consider all the 18 U.S.C. § 3553 factors, and provides for a sentencing range of 360 (30 years) to life, with a mandatory minimum of 300 months (25 years). The Probation Department has calculated the same guideline range.

### B.  HISTORY AND CHARACTERISTICS OF THE DEFENDANT AND THE NATURE AND CIRCUMSTANCES OF THE OFFENSE. 18 U.S.C. § 3553(A)(1)

The Government, in its Sentencing Memorandum, advocates for a sentence of 540 months (45 years). The Government describes Mr. Cook's history and behavior in particularly sinister terms. If one were to rely solely upon the description of Mr. Cook from the Government, he would truly seem to be a defendant who should receive such a sentence. However, Mr. Cook is not as the Government portrays him to be. He is a

young man from a tragic background who has made a terrible mistake that, even with a sentence at the mandatory minimum of 25 years, will result in him spending the majority of his adult life in a federal prison. The sentence requested by the government is essentially a life sentence, and is not necessary to either punish Mr. Cook or protect society.

Rondell Cook is a 29-year-old, single man who has a history of depression and anxiety. Prior to his incarceration in this case, he lived in Stamford, Connecticut, where he was born and raised, with his Aunt and her family. Mr. Cook has expressed deep remorse and regret for his conduct toward the victim in this case.

1. **Rondell Cook's Background**

Mr. Cook's background is tragic. His mother was a crack addict, and he was born addicted to crack cocaine. His father died when he was 3 years old. He is the youngest of five children. When he was 12 years old, one of his brothers died and he was never able to cope with the loss. That point began a downward spiral for him that ended with numerous brushes with the law.

Mr. Cook was raised by his grandmother. She recently died while he was incarcerated in this case. His mother died three years ago while he was incarcerated for a prior charge.

Mr. Cook has undergone mental health treatment prior to his conduct in this case. He was being treated for depression and anxiety. He was prescribed Zoloft once a day

to target his anxiety and his extreme fears.

Mr. Cook's family was contacted for information about him. He was living with his Aunt, Freda Hicks, prior to this case. Ms. Hicks stated that Rondell always had a job and was a hard worker. He didn't have any alcohol or drug problems.

Ronnie Cook, Rondell's older brother, stated that Rondell was always helpful to others and he doesn't understand how he could have gotten into the current situation. Antekia Hicks, a cousin, stated that she lived with Rondell and his family, and that Rondell was always helpful to his family.

### 2. The Offense Conduct and Future Risk Management

The government is essentially trying to manage Mr. Cook's future risk by suggesting an over reaching and lengthy sentence of incarceration. However, managing future risk is not always accomplished through incarceration alone. Many times, particularly for individuals like Mr. Cook, risk management can be done by enhancing the quality of life through skills, values, opportunities, social and familial support. What Mr. Cook needs is continued mental health treatment and medication and sex offender treatment. Keeping him working full-time, connected closely with his family, and engaged in meaningful group and individual counseling are the key ingredients to preventing him from future offending behavior.

This is a very serious offense and Mr. Cook acknowledges this fact. This Memorandum is not intended to downplay the gravity of the crime committed or the

trauma suffered by the victim. Mr. Cook has expressed his own disgust with his behavior. He would like to continue participating in sex offender treatment during incarceration so that he can understand his behavior.

### C. NEED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW AND PROVIDE JUST PUNISHMENT. 18 U.S.C. §3553(A)(2)(A)

Mr. Cook recognizes the importance of these factors. He understands the severity of this crime and understands that he should be punished. A sentence of twenty-five years (300 months) is more than enough time to punish Mr. Cook. As Mr. Cook is 29 years old, a sentence of 300 months will keep him imprisoned until he is 54 years old.

### D. NEED TO AFFORD ADEQUATE DETERRENCE AND TO PROTECT THE PUBLIC FROM FURTHER CRIMES (18 U.S.C. 3553(A)(2)(B) & ( C )

There certainly are legitimate concerns of deterring future misconduct by this and other similarly situated defendants. Nonetheless, these goals can be met by the requested sentence of 300 months. This case does not warrant the 45 year sentence requested by the government. Such a lengthy and over reaching sentence is like giving up on Mr. Cook and "throwing away the key," instead, we should be offering him help and hope that someday he can re-enter society after receiving counseling and treatment for his mental health issues.

### III. CONCLUSION

Counsel urges the Court to exercise its experienced discretion to make an individualized sentencing judgment. Counsel respectfully submits that a sentence at the

mandatory minimum of 300 months (25 years) is sufficient to comply with the §3553(a) factors. The following factors support the imposition of a four year or less sentence.

    1.    Mr. Cook's personal history, including his history of mental health issues, and the fact he is amenable to treatment, are factors justifying the requested sentence of 300 months;

    2.    The need to reflect the seriousness of the offense, promote respect for the law and to provide just punishment can all be met by a 300 month sentence;

    3.    The need to provide deterrence and to protect the public can be met by the imposition of a four year sentence.

Accordingly, for the aforementioned reasons, Counsel respectfully asks this Honorable Court to impose a sentence of no more than 300 months (25 years) which is the mandatory minimum.

Additionally, Mr. Cook requests the Court to recommend a federal facility near Connecticut, so he can be close to his family.

                                      Respectfully submitted,

                                      FEDERAL DEFENDER OFFICE,

                                      */s/ Stacey M. Studnicki*
                                      STACEY M. STUDNICKI
                                      Assistant Federal Defender
                                      613 Abbott, Fifth Floor
                                      Detroit, MI  48226
                                      (313) 967-5856
                                      P45133

Dated:  January 17, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

           Plaintiff,

vs.                             CR. NO. 17-20826

                                   HON. STEPHEN J. MURPHY

RONDELL LOWELL COOK,

           Defendant.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2019, I filed Defendant's Sentencing Memorandum and Request for Downward Variance with the Clerk of the Court for the Eastern District of Michigan, using the ECF system, which will send notification of such filing to the following via electronic mail:

        Margaret Smith
        U.S. Attorney's Office
        211 W. Fort Street, Suite 2001
        Detroit, MI 48226

and:

        Julie Grewe
        U.S. Probation Officer
        901 U.S. Courthouse
        Detroit, MI 48226

                                                 /s/ *Stacey M. Studnicki*
                                                 Assistant Federal Defender