```
1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF MICHIGAN
2                          SOUTHERN DIVISION

3
     UNITED STATES OF AMERICA,
4
                         Plaintiff,
5    vs.                              Case No. 17-20826
                                      Hon. Stephen J. Murphy, III
6    RONDELL LOWELL COOK,

7                        Defendant.
     _____/
8                            SENTENCING

9
            BEFORE THE HONORABLE STEPHEN J. MURPHY, III
10                   United States District Judge
              Theodore Levin United States Courthouse
11                 231 West Lafayette Boulevard
                     Detroit, Michigan  48226
12                 Thursday, January 24, 2019

13   APPEARANCES:

14   For the Plaintiff          MARGARET M. SMITH
     United States of America:  U.S. Attorney's Office
15                              211 W. Fort Street
                                Suite 2001
16                              Detroit, Michigan  48226
                                313-226-9135
17
     For the Defendant          STACEY M. STUDNICKI
18   Rondell Lowell Cook:       Federal Defender Office
                                613 Abbott
19                              Fifth Floor
                                Detroit, Michigan  48226
20                              313-967-5856

21

22

23
          To obtain a certified copy of this transcript, contact:
24         Linda M. Cavanagh, CSR-0131, RDR, RMR, CRR, CRC
                       Official Court Reporter
25             (313) 234-2616 • www.transcriptorders.com
```

1

TABLE OF CONTENTS

2

Page

3

SENTENCING:

4

Allocution by Ms. Studnicki......................... 8
Allocution by Defendant Rondell Cook................11
5
Allocution by Ms. Smith............................12
Comments/Sentence of the Court.....................14

6

7

8

9

10

11

12

13

14

15

16

EXHIBITS

17

Identification                    Offered    Received

18

NONE

19

20

21

22

23

24

25

```
 1              Detroit, Michigan
 2              Thursday, January 24, 2019
 3                        —  —  —
 4              (Proceedings commenced at 11:40 a.m., all parties
 5              present)
 6              THE CLERK:  The Court calls Case No. 17-20826, United
 7      States of America versus Rondell Cook.
 8              Counsel, please state your appearances for the
 9      record.
10              MS. SMITH:  Good morning, Your Honor.  Maggie Smith
11      appearing on behalf of the United States, and with me at
12      counsel table is Special Agent Jay Ratermann with Homeland
13      Security Investigations.
14              THE COURT:  Okay.  Good morning.
15              MR. STUDNICKI:  Good morning, Your Honor.  Stacey
16      Studnicki of the Federal Defender Office on behalf of Mr. Cook
17      who, for the record, is to my left.
18              THE COURT:  Okay.  Very good.  Everybody may be
19      seated.
20              Let me ask Ms. Smith and Ms. Studnicki to come on up
21      to the microphone.  I want to ask a quick question.  I received
22      a letter, it's undated, but I received it earlier this week or
23      maybe it was last week, but in any event, I asked Mr. Parker to
24      send a -- a copy to both of you.  It's directly to me.  It's
25      from Mr. Cook.  I don't think it's on the docket.  But the
```

1    point or the -- the upshot of the letter is that -- is -- is --

2    is that Mr. Cook appears to be dissatisfied with his plea and

3    he's under the impression that it was for, quote, 300 months.

4         The -- the issue I have is that he pled guilty, and I

5    checked the record and I -- I asked him if he understood, you

6    know, that this was a permanent decision on his part and that

7    if he got a sentence he didn't like, he still was, you know,

8    not going to be able to withdraw from his plea based on the

9    level of the sentence.

10        So I just don't know what to do with this case at

11   this point in light of this letter, and I'd be grateful for any

12   guidance from the lawyers and I'll start with Ms. Studnicki.

13        MR. STUDNICKI:  Well, Your Honor, I met with Mr. Cook

14   and he wishes to go forward today and basically withdraw the

15   letter.

16        THE COURT:  Okay.

17        MR. STUDNICKI:  But I would request that the Court

18   speak directly to him about the issue so we make a record that

19   that is really what he wants because I did offer to withdraw,

20   but he did not express a desire for that.  He wants to go

21   forward with sentencing.

22        THE COURT:  Okay.  All righty.  Okay.  Mr. Cook, you

23   can stay seated but just speak into your mic if you would.  I

24   received your letter.  I sent it to the lawyers as I'm

25   obligated to do.  Since you are represented, I deal with the

1   lawyers and -- and not with the parties directly.  But you

2   heard what I said and you heard what Ms. Studnicki said.  You

3   certainly don't have to withdraw your letter, but do you

4   understand that your plea under the rules can't be withdrawn on

5   the basis of what the sentence might be?  You can -- if you're

6   dissatisfied with the plea or dissatisfied with your lawyer,

7   you know, we can -- we can talk about that, but if -- if you

8   understand now based on your contacts with Ms. Studnicki that

9   your -- your plea was a permanent decision and your sentence is

10  to be determined here, we can go forward this morning.  Do you

11  understand all that?

12            DEFENDANT COOK:  Yes.

13            THE COURT:  Okay.  And you still want to have your

14  sentence -- sentence entered this morning, correct?

15            DEFENDANT COOK:  Yes.

16            THE COURT:  Okay.  All right.  Anything from the

17  United States?

18            MS. SMITH:  Well, the only thing that I would ask is

19  that you voir dire the defendant that he is satisfied with Ms.

20  Studnicki and he wants to go forward with her as his attorney.

21            THE COURT:  Okay.  I think I covered that.  But

22  you're okay with your present lawyer, you don't want to make a

23  motion to withdraw or anything like that or a motion to have a

24  new attorney or anything like that?

25            DEFENDANT COOK:  Yes.

1          THE COURT:  Okay.  All right.  Very good.

2          MS. SMITH:  Thank you.

3          THE COURT:  Okay.  Come on up now, Mr. Cook, if you

4    would, and we will get started.

5          As I believe I mentioned, the defendant pled guilty

6    to the production of child pornography.  He induced a young

7    woman in ninth grade to send nude photos of herself to him via

8    cell phone, and he ended up in a hotel room here in Metro

9    Detroit with her and that's how he and the evidence of the

10   child pornography was discovered.

11         The probation officer wrote a report and calculated

12   the guidelines at 360 to 600 months.  There is a mandatory

13   minimum of 25 years or 300 months on the count of conviction.

14         And the first thing I'd like to ask Mr. Cook is

15   whether or not you've had an opportunity to thoroughly read

16   over the Pre-Sentence Report and discuss it with your lawyer.

17         DEFENDANT COOK:  Yes.

18         THE COURT:  All right.  And Ms. Studnicki, I

19   understand there aren't any issues in dispute.  The Plea

20   Agreement, the guideline range calculated by Ms. Grewe are the

21   same.  I would simply ask you if you have any other disputes,

22   modifications, corrections or other matters with regard only to

23   the Pre-Sentence Report.

24         MR. STUDNICKI:  No, Your Honor.  I did have a chance

25   to take it out to Milan where Mr. Cook has been housed, and we

1    reviewed it in person together and we did not have any

2    objections --

3              THE COURT:  Okay.

4              MR. STUDNICKI:  -- to the report.

5              THE COURT:  Very good.  Thank you.  And I would ask

6    the same question of the United States as to the accuracy and

7    conclusions of Ms. Grewe in the Pre-Sentence Report.

8              MS. SMITH:  No objections, Your Honor.

9              THE COURT:  Okay.  All right.  Then I will find the

10   Offense Level to be 40, the Criminal History Category is VI.

11   As I mentioned earlier, the Plea Agreement range and the

12   guideline range applicable to the case are the same.  The

13   findings of Ms. Grewe factual in her report will be considered

14   the Court's factual findings for purposes of this proceeding

15   only and I'll make a couple of other conclusions.

16             Number one, I don't believe that restitution is at

17   issue in the case, is it, Ms. -- are you claiming a restitution

18   amount, Ms. Smith?

19             MS. SMITH:  No, Your Honor.

20             THE COURT:  Okay.  So restitution is not going to be

21   an issue.

22             Is the victim of the crime here today and would she

23   like to speak to the Court?

24             MS. SMITH:  She is not here.

25             THE COURT:  Okay.  All right.  Very good.  The

1  defendant has no ability to pay a fine or the costs of
2  incarceration.  Those -- those -- those matters will be waived
3  as I'm obligated.  Under the statute I can't impose a fine on a
4  person who can't pay one and Mr. Cook clearly can't.
5          Forfeiture, if there was any, has been taken care of
6  when the items from the hotel room were seized and presumably
7  forfeited by the United States.
8          So I think we're ready to go to sentencing, correct,
9  Ms. Smith?
10         MS. SMITH:  Yes, Your Honor.
11         THE COURT:  Okay.  All right.  Ms. Studnicki has the
12  right to make any remarks on behalf of her client.  There is a
13  sentence memorandum and motion or request I should say for a
14  downward variance from the 360-month bottom end of the
15  guideline range.  I read that.  It was filed on the 17th of
16  this month.  And I am ready to hear any other words or argument
17  or allocution you'd like to make at this time, Ms. Studnicki.
18         MR. STUDNICKI:  Thank you, Your Honor.
19         Your Honor, I believe this case is a tragedy all the
20  way around, not only for the victim and her parents who are
21  obviously very impacted by -- by this, but also Mr. Cook in
22  some ways is also -- has had a tragic life, and I did outline
23  that in my sentencing memorandum, Your Honor.
24         THE COURT:  Yep.
25         MR. STUDNICKI:  He's 29 years old.  His grandmother

1    raised him because his mother was incapable of raising him.

2    She was addicted to drugs and so he went to live with his

3    grandmother who basically he saw as his mother his whole life.

4    His grandmother died last spring while he was incarcerated here

5    in Michigan.

6           Of course, his whole family is from Stamford,

7    Connecticut which is where he was born and raised.  His mother

8    died of cancer in 2011 but, of course, Mr. Cook was never

9    really close with her.

10          Mr. Cook has three siblings.  He had a fourth sibling

11   who died when Mr. Cook was a child, and according to Mr. Cook

12   and his siblings, this had a tremendous impact on him and

13   basically caused him to have quite a few emotional and

14   behavioral issues as a child.

15          Mr. Cook himself has had a lot of problems, Your

16   Honor, adjusting basically to adulthood and has -- has had,

17   as -- as the Court is aware, a prior record, which has, of

18   course, caused him many issues including causing him to be in

19   Criminal History VI in this case.

20          But Mr. Cook has two children; one is age 11,

21   Christopher, and a daughter, age nine, Jackie.

22          He has been diagnosed with anxiety and depression and

23   he was seeing a therapist in Stamford, Connecticut prior to his

24   arrest in this case.  He did feel that that was helpful to him.

25   So one request we would make to the Court is that the Court

1   provide in its order of sentencing for him to have treatment,

2   Your Honor, because he would like to continue to have

3   treatment.

4         He was working for a temporary service at the time of

5   this offense, Your Honor.

6         And as I stated, he does want treatment.

7         He would like to be designated to a facility in

8   Connecticut or near Connecticut so that his family can visit

9   him.

10         Your Honor, one additional request that I would make

11   of the Court and -- and I think it'd be good to -- to talk

12   about at this time.  He is concerned for his safety in these

13   facilities --

14         THE COURT:  Yeah, me too.

15         MR. STUDNICKI:  -- and asked -- yeah.  He asked me to

16   request the Court provide some type of a recommendation for

17   protective custody.

18         THE COURT:  Uh-huh.

19         MR. STUDNICKI:  Whatever the Court could do, he would

20   really appreciate.

21         THE COURT:  Yeah.  I don't know what I can do, but

22   the last time I did this, I said I wanted a defendant to be

23   kept safe and he wasn't and I was very upset about that, and I

24   was also extremely upset with the full lack of communication

25   from the Bureau of Prisons.  I got a letter and that was -- a

1  very cold letter and that was it, and I read about it first in

2  the newspapers.  So they need to do a lot better.  And I must

3  say, it would be a -- seem to be a direct consequence of this

4  government shutdown.  From what I -- I heard, they were

5  understaffed out there the day that that happened.  So I think

6  whatever you want, you present an order and I'll sign it on

7  that, okay?

8          MR. STUDNICKI:  Thank you, Your Honor.

9          THE COURT:  All right.  Okay.  Mr. Cook, you have the

10  right to make any statement you'd like to make as to the

11  appropriate sentence, any other factors or any matters that

12  your lawyer hasn't talked about, and I'd be glad to hear from

13  you now.  Go right ahead.

14          DEFENDANT COOK:  Let me first apologize for my

15  behavior.  I know that it was wrong and I'm ready to continue

16  to get the treatment that I've been trying to get and that I

17  need --

18          THE COURT:  Okay.

19          DEFENDANT COOK:  -- to move forward.

20          THE COURT:  Okay.  All right.  Thank you very much,

21  sir.  All right.

22          Ms. Smith as well has filed an extensive memorandum;

23  it was dated the 16th of January.  It discusses the 3553(a)

24  factors and recommends a sentence of 540 months.  I've read

25  everything obviously and I would be very pleased to hear any

Sentencing • Thursday, January 24, 2019

12

1   other arguments or materials the government wants to put on the

2   record now.  Go right ahead.

3          MS. SMITH:  Thank you, Your Honor.  I have some brief

4   remarks that I would like to make.

5          The United States is seeking a sentence of 45 years

6   in this case.  The nature and circumstances of this offense are

7   undoubtedly serious.  This 28-year-old man manipulated a

8   15-year-old girl by making her believe that performing sex acts

9   equated to love, and he did that by relentlessly pursuing her

10  day after day after day.  The text messages that we were able

11  to recover averaged out to be 250 per day, all hours of the day

12  and night.  And Minor Victim 1 as a child believed him when he

13  trained her to think that sex acts equated to love.

14         But that wasn't enough for the defendant because as

15  Your Honor knows, this isn't a case about online enticement

16  alone.  This defendant knew that this child was vulnerable

17  because she told him; he knew that she was young because she

18  told him; and he knew that she was desperate for love because

19  she told him.  And he put this child, who was not even in high

20  school yet, in an impossible situation because she was

21  unequipped with the ability to emotionally handle adult

22  decisions.

23         In December of 2017 this defendant took a bus from

24  Connecticut where he was on probation for a violent offense,

25  came all the way to Michigan and brought this child to a hotel,

1    immediately engaging her in sex acts.

2         This defendant took sexual advantage of this child,

3    forever damaging her emotional landscape, and for that she will

4    never be the same.  She must have to deal with the issues of

5    trust.  She will have to learn to navigate the psychological

6    harms of learning what it means to love someone, to engage in

7    healthy adult sexual relationships.  This adult has undoubtedly

8    caused irreparable damage.

9         The history and characteristics of this defendant

10   also warrant a high sentence.  His criminal history alone sets

11   this defendant apart from many of the child exploitation

12   defendants that come into this court.  He has a history of sex

13   offenses, he has a history of using violence to get what he

14   wants, and he has a history of using violence particularly

15   against women.

16        Now, this defendant has pointed out a number of

17   things in an attempt to mitigate his sentence based on

18   traumatic events that occurred in his childhood, but I would

19   remind this Court that today is not the day to hold those

20   people accountable for his childhood.  Today is the day to hold

21   this defendant accountable for the abuse that he perpetrated on

22   Minor Victim 1.

23        This defendant needs punishment and that punishment

24   must be adequate.  It must deter him from further criminal

25   activity.  It must punish him and bring justice to this victim.

1     And it is up to this Court to decide what justice means, but I

2     would suggest that justice means that this victim will be able

3     to recover from this trauma without ever having to look over

4     her shoulder worried that this defendant is going to enter her

5     life again.  Justice for this two-time sex offender is 45 years

6     imprisonment.

7             Thank you, Your Honor.

8             THE COURT:  Okay.  Thank you very much for those

9     remarks as well.

10            And I will analyze the 3553(a) factors, state the

11     sentence that I intend to give and then provide both lawyers an

12     opportunity to object.

13            Well, the offense conduct is extremely serious, about

14     as serious as it can be.  The transcripts of the texting that I

15     read in the government's memo clearly indicated a older man

16     with forceful ability to manipulate a younger female to commit

17     various acts, including transmission of the -- of the

18     pornography at issue here.  That's probably what's most

19     troubling to me along with the fact that the victim was 15 and

20     there was a 12-year difference in age between the two.

21            There's no question that the defendant suffered

22     extreme anger, rage, depression and a lack of parenting in

23     light of all the matters that Ms. Studnicki spoke about and

24     which are further laid out in the probation officer's fine

25     report.

1    I'm not going to vary because, number one, I think it

2    would send the wrong message, and number two, I think Ms. --

3    Ms. Smith has a point about how we deal with these things.

4    Presumably the guidelines are intended to give a range of

5    sentences that would account for the troubles that Mr. Cook

6    went through.

7         But at the end of the day I've come to believe in

8    these cases that, you know, whether we're talking about

9    30 years or 25 years and Mr. Cook being out of prison at 54, or

10   30 years and he being out of prison at 59, or 40 years and he

11   being at -- at -- at 69, there -- there comes a balance between

12   what we're getting in terms of rehabilitation, treatment and

13   the offset in -- in punishment in keeping, yes, this victim but

14   society as a whole safe.

15        I really do think that a sentence of 30 years at the

16   bottom of the guideline range meets all the criteria under

17   3553(a).  A lengthy and mandatory five-year-plus term of

18   supervised release after that should provide society with some

19   additional assurances that Mr. Cook won't offend again.  And it

20   would be my personal hope as well that he follow through on his

21   desire to get help, treatment, move forward and understand

22   what -- what has occurred and his ability to recover from it.

23        Now, I have not spoken publicly, in fact, I have not

24   spoken at all, about the tragedies of individuals going to

25   prison and being ganged up upon by other violent prisoners and

1    hurt, if not maimed and killed, for committing crimes that

2    other prisoners look down upon.  This is not a death sentence

3    and neither the Bureau of Prisons nor their charges have the

4    ability to impose one.  And if that sort of thing happens, I

5    think our court and our justice system is going to look quite a

6    bit harder at the job that's being done in our facilities.

7          With that in mind, I -- I -- I do think it's merited,

8    given this individual's complete lack of ties to the community,

9    he's got nobody to talk to out there, the fact that we do have

10   a history, a government shutdown, short staffing, that this

11   individual be kept safe from the time he leaves court here

12   today till the time he gets into his permanent assignment,

13   which I would hope to be at a facility where segregation and

14   sex offense therapy is available, and I don't think I can be

15   any more clear than that.

16         Therefore, pursuant to the Sentence Reform Act of

17   1984, the Court, having considered the sentence guidelines and

18   factors contained in 18 USC, Section 3553(a), hereby commits

19   the defendant Rondell Cook to the U.S. Bureau of Prisons to a

20   term of 360 months.

21         It's further recommended that he be designated to an

22   institution with a comprehensive drug treatment program as well

23   as a sex therapy program, which he has readily stated he's

24   eager to engage in this morning.

25         Upon release from imprisonment, the defendant shall

1     be placed on a supervised release of -- release term of

2     84 months; that's seven full years.

3           It's further ordered that he pay a special assessment

4     of a hundred dollars, and that'll be due immediately.

5           No fine, costs of incarceration or costs of

6     supervision for the reasons I said earlier.  He has no

7     financial resources.

8           While in custody, the defendant shall participate in

9     the Inmate Financial Responsibility Program.  I am aware of the

10    requirements of the IFRP and I approve the payment schedules of

11    the program and hereby order the defendant's compliance with

12    it.  That's to pay off the special assessment.

13          Restitution's not an issue but mandatory drug testing

14    will be ordered.

15          Now, on supervision, the defendant, Mr. Cook, must

16    cooperate with the collection of a DNA sample as directed by

17    his probation officer.  That's required under 34 USC, Section

18    40702.

19          While on supervision, he must abide by the standard

20    conditions adopted by this Court and he also has to comply with

21    the additional special conditions:

22          Number one, compliance with the requirements of the

23    Sex Offender Registration and Notification Act.  That will be

24    directed by the probation officer and required by the Bureau of

25    Prisons' state Sex Offender Registration agency or -- or

1    whatever would oversee the collection of that information in

2    the area where he resides, works, is a student or was convicted

3    of this particular offense.

4         He must successfully complete any sex offender

5    diagnostic evaluations, treatment or counseling programs as

6    directed by probation.  Reports pertaining to sex offender

7    assessments and treatments shall be provided to the probation

8    officer.  If he has the ability to pay on supervised release,

9    he should pay the cost of diagnostic evaluations, treatment or

10   counseling programs in an amount determined by the probation

11   officer.  He has to submit to periodic polygraph testing at the

12   discretion and direction of the probation officer as a means to

13   ensure compliance with the requirements of supervision or

14   treatment.

15        Now, no violation proceedings should arise solely on

16   the results of a polygraphic examination, but based on Mr.

17   Cook's ability to pay, he might also be required to pay the

18   costs of a polygraph examination in an amount determined by the

19   probation officer as well.

20        No association with minor children under the age of

21   18 unless those children are in the presence of a responsible

22   adult.  That adult has to be aware of the nature of this

23   current offense and the background that goes with it.  Any

24   exception to that has to be run through the probation officer

25   obviously.  Now, Mr. Cook may have unsupervised conduct with

1    his own children at the discretion of the probation officer,

2    but he shall not frequent places where children congregate on a

3    regular basis like schools, playgrounds, toy stores, things of

4    that nature.

5            The defendant must notify anyone they date or marry

6    with a minor child under the age of 18 of this conviction.

7            No purchase, selling, viewing, possession of any

8    images in any form or media of depictions of pornography,

9    sexually explicit conduct, child erotica, child nudity, things

10   of that nature.  No patronization of any places where such

11   material or entertainment is put forth or available.

12           Employment must be pre-approved by the Probation

13   Department.  Mr. Cook shall not be employed or participate in

14   any voluntary -- volunteer activities that involve contact with

15   minors under the age of 18 or adults with disabilities without

16   prior approval of the probation officer.

17           All residences must be approved by the Probation

18   Department.  The defendant shall not provide care or live in a

19   residence where children under the age of 18 or adults with

20   disabilities also reside without prior approval of the

21   probation officer.

22           No contact, indirectly or directly, with any victim

23   or witness in this case unless improved -- unless approved by

24   the probation officer.

25           And finally, I will order participation in the

1    Computer/Internet Monitoring Program administered by Probation.

2    He must abide by the agreement that binds his behavior in

3    effect at the time he starts his supervision and comply with

4    any amendments to it during this term.  Due to advances in

5    technology, those agreements are updated and revisited as

6    necessary.

7            Computers, hardware, software, accessory, iPhones,

8    all things of this nature have to be accounted for by the

9    Probation Office.  Accordingly, person, residence, computer and

10   vehicle are subject to search upon request by Probation at a

11   reasonable time and manner.  Mr. Cook must inform any other

12   residents of his premises that they may be subject to a search

13   under this provision.  And he must cooperate with the probation

14   officer to provide access to requested financial information

15   including billing records about his telephone, cable, Internet,

16   satellite things of that nature.

17           That will be the sentence of the Court.  Objections

18   from the United States?

19           MS. SMITH:  I don't have objections but I do have a

20   couple of housekeeping matters.

21           THE COURT:  Okay.  We'll get to those in a minute.

22           Objections from Ms. Studnicki?

23           MR. STUDNICKI:  No, Your Honor.

24           THE COURT:  Okay.  The sentence that I stated earlier

25   will be imposed.  Mr. Cook has signed a waiver of his right to

1    appeal both the sentence and the conviction.  Since I did

2    sentence at the low end of the guideline range, that triggers

3    the waiver of the right to appeal and those waivers are usually

4    enforceable.  If, Mr. Cook, you don't believe yours is, you may

5    take that up with the U.S. Court of Appeals directly.

6         The defendant is in custody and will be sent through

7    the care of the marshal back to his facility for the

8    transmission and ultimate reporting for his offense.

9         Both parties have copies of the Pre-Sentence Report.

10   No corrections will be made but it'll be sent to the Bureau of

11   Prisons and the Sentencing Commission in the usual course of

12   business.

13        Now would be the time we can talk about your matters,

14   Ms. Smith.  What...

15        MS. SMITH:  Thank you, Your Honor.  First off, there

16   was a $5,000 special assessment.

17        THE COURT:  Oh, 5,000, you're right.

18        MS. SMITH:  If the Court finds the defendant's

19   indigent, that that special assessment can be waived, and I

20   would just leave it to the Court to make that decision.

21        THE COURT:  I think the circumstance of the --

22   circumstances of this case support waiver.  I don't know that I

23   need to get fully detailed into -- into that, but given

24   indigency -- I mean Mr. Cook was working at Taco Bell before he

25   came to Michigan.  He has no means and that's not going to get

1    paid so I'll waive that.  I can't and won't waive the hundred

2    dollars, which I didn't intend to do, and that's why I put him

3    in the IFRP, all right?

4            MS. SMITH:  Thank you.

5            THE COURT:  Yep.

6            MS. SMITH:  Secondly, the government recommends that

7    the sentence imposed run concurrently to the sentence that has

8    been imposed in the Wayne County Circuit Court case.  If the

9    Court decides to run those concurrently, I would just ask that

10   the judgment indicate that the sentence in this case will run

11   concurrently to Case No. 18-3667-01.

12           THE COURT:  We will do that and Probation will supply

13   ultimately language for the Judgment and Commitment Order.  And

14   I think the sentences, given the conduct, undoubtedly should

15   run concurrently, and although I have discretion not to do

16   that, I'm not going to double-dip, so to speak, so thank you

17   for that as well.

18           MS. SMITH:  Finally, because the defendant's been

19   sentenced within the terms of the Rule 11 Plea Agreement, I

20   move to dismiss Counts 2, 3 and 4 of the indictment.

21           THE COURT:  Those are dismissed without objection,

22   okay?

23           MS. SMITH:  Thank you.

24           THE COURT:  Okay.  All right.  Anything else from

25   defense?

1    MR. STUDNICKI:  Your Honor, could the Court recommend

2  a facility near Connecticut?

3    THE COURT:  Yes.  I would recommend -- I don't know

4  if -- I'm not going to make a specific recommendation.  Devon

5  is in Massachusetts.  It's much closer to Stamford, Connecticut

6  than Michigan is.  I think having some family support along

7  with sex therapy is the most important thing, and I would

8  recommend that facility or something near Stamford as a result,

9  okay?  All right.

10    MR. STUDNICKI:  Your Honor, can the Court at this

11  point recommend some type of protective custody for Mr. Cook?

12    THE COURT:  I tried to speak as firmly as I could to

13  that.  Absent an agreed-upon order or a motion -- you know,

14  this is not the -- the marshal's fault.  I'm not even saying

15  this is -- I -- I don't know what -- what happens out there at

16  Milan, but the Bureau of Prisons is skilled at keeping people

17  safe and if protective custody is what's necessary, I'll

18  recommend that certainly.  But they just had a killing of an

19  individual charged with a sex offense by a violent mob at

20  Milan, and I would think they've taken all steps necessary to

21  prevent that from happening again.  And as I said earlier,

22  if -- if -- if they -- if they haven't, then we're going to

23  have a much stronger response to that next time, okay?  All

24  right.

25    Thank you all very much.

1       MS. SMITH:  Thank you, Your Honor.

2       MR. STUDNICKI:  Thank you, Your Honor.

3       THE CLERK:  Court is now in recess.

4       (Court in recess at 12:15 p.m.)

5                      —  —  —

1          C E R T I F I C A T I O N

2          I, Linda M. Cavanagh, Official Court Reporter of the

3    United States District Court, Eastern District of Michigan,

4    appointed pursuant to the provisions of Title 28, United States

5    Code, Section 753, do hereby certify that the foregoing pages 1

6    through 24 comprise a full, true and correct transcript of the

7    proceedings held in the matter of United States of America vs.

8    Rondell Lowell Cook, Case No. 17-20826, on Thursday, January

9    24, 2019.

10

11

12                    s/Linda M. Cavanagh
                      Linda M. Cavanagh, RDR, RMR, CRR, CRC
13                    Federal Official Court Reporter
                      United States District Court
14                    Eastern District of Michigan

15

16

17   Date: July 1, 2019
     Detroit, Michigan

18

19

20

21

22

23

24

25